IRVING, P.J., for the Court:
¶ 1. This appeal arises out of Roger Patterson’s conviction, in the Calhoun County Circuit Court, for sale of a controlled substance (cocaine) and resulting sentence of twenty years in the custody of the Mississippi Department of Corrections, with eight years suspended, twelve years to serve, and five years of post-release supervision. Patterson alleges that his statutory and constitutional rights to a speedy trial were violated by the amount of time that it took to bring him to trial.
¶ 2. Finding no reversible error, we affirm the circuit court’s judgment.
FACTS
¶ 3. Patterson was arrested and charged with sale of cocaine as the result of a sting operation involving a confidential informant. As Patterson has not challenged the factual basis for his conviction, we will discuss only those facts that are pertinent to the issue raised by him in this appeal.
¶4. The indictment against Patterson was filed on May 16, 2008. On June 13, 2008, Patterson waived arraignment. For reasons that are not related in the record, Patterson was not tried until August 10, 2010. Despite the delay of over two years, Patterson never asserted his right to a speedy trial or raised the issue of his trial date with the circuit court.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Patterson claims that both his statutory and constitutional speedy-trial rights were violated. We note again that Patterson never asserted his speedy-trial rights or raised the issue of his trial date with the circuit court.
¶ 7. Patterson’s statutory claim is procedurally barred due to his failure to raise it with the circuit court. Drummond v. State, 33 So.3d 507, 512 (¶ 16) (Miss.Ct. *550 App.2009); Smiley v. State, 798 So.2d 584, 587 (¶ 7) (Miss.Ct.App.2001).
¶ 8. The Mississippi Supreme Court has set out the standard for reviewing constitutional speedy-trial claims that are raised for the first time on appeal:
Given that the constitutional right to a speedy trial is a fundamental right, see Klopfer [v. State of North Carolina ], 386 U.S .... 213, 87 S.Ct. 988, 18 L.Ed.2d 1 [ (1967) ], this Court must determine whether plain-error review is applicable, i.e., whether an “error of the trial court has impacted upon a fundamental right,” Sanders [v. State], 678 So.2d [663,] 670 [ (Miss.1996) ], and is “so fundamental that it generates a miscarriage of justice.” Morgan [v. State ], 793 So.2d [615,] 617 [ (¶ 9) (Miss.2001) (citations omitted) ]. Absent the plain-error criteria being satisfied unequivocally, appellate courts are loath to address issues not presented to the trial court.
Dora v. State, 986 So.2d 917, 925 (¶ 19) (Miss.2008). The Dora court went on to note that Terry “Dora seeks to leapfrog over the required plain-error analysis by making Barker Hgenre[1] assertions, i.e., prejudice caused by length of delay, prejudice by virtue of the amended indictment which included prior felony convictions, and prejudice due to a change in [a witness’s] testimony.” Id. at 925-26 (¶20).
¶ 9. Similarly, Patterson makes blanket assertions of prejudice rather than pointing out any instance of actual prejudice. However, he acknowledges that his claim must constitute plain error to proceed and points out that the State bears the burden of bringing a defendant to trial and that “such a critical and basic right as the right to a speedy trial should not be summarily dismissed where more than two years have elapsed.” He cites no case for the proposition that delays of any particular length automatically overcome the procedural bar or constitute plain error, and this Court knows of no such authority. We note that “[t]hree years, three months, and six days elapsed between Dora’s arrest and trial.” Dora v. State, 986 So.2d 965, 971 (¶ 18) (Miss.Ct.App.2007) (overruled on other grounds). It appears from the record that Patterson was arrested in May 2008, and his trial commenced in August 2010; accordingly, approximately two years and three months elapsed between his arrest and his trial. We note that this amount of time is significantly less than the amount of time that elapsed in Dora; nonetheless, our supreme court affirmed Dora’s conviction. We find no reason to do otherwise in this case.
¶ 10. This contention of error is without merit.
¶11. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT YEARS SUSPENDED, TWELVE YEARS TO SERVE, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).